NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL WILLIAM LEWIS ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> BEN CURRY, Warden ) <br> ) <br> Respondent. ) <br> _____ ) | No. C 06-01727 JF (PR) <br><br> ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY; ADDRESSING OTHER PENDING MOTIONS <br><br> (Docket Nos. 17, 18, 19 & 20) |

On May 20, 2008, the Court denied this pro se petition for writ of habeas corpus on the merits and entered judgment in favor of Respondent. On June 26, 2008, Petitioner filed a motion for a certificate of appealability. (Docket No. 19.) Petitioner also filed a motion for appointment of counsel (Docket No. 17), a motion for leave to appeal in forma pauperis (Docket No. 18), and a motion for reconsideration (Docket No. 20).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must

indicate which issues satisfy this standard.  See id. § 2253(c)(3).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court denied the instant habeas petition after careful consideration of the merits.  The Court found no violation of Petitioner's federal constitutional rights in the underlying state court proceedings.  Petitioner has failed to demonstrate that jurists of reason would find it debatable whether this Court was correct in its ruling.  Accordingly, Petitioner's request for a certificate of appealability (Docket No. 19) is DENIED.

Petitioner has also filed a motion for reconsideration pursuant to Rule 60(b)(5) and (6) of the Federal Rules of Civil Procedure.  (Docket No. 20.)  Rule 60(b)(5) provides for reconsideration where "satisfaction of the judgment" is shown and Rule 60(b)(6) is for "any other reason justifying relief."  See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993).  Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary.  See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Here, Petitioner contends that the California Supreme Court's recent ruling in In re Lawrence,  No. S154018, slip op. (Cal. Aug. 21, 2008), on the "some evidence" standard is a basis for reconsideration of the Court's denial of his federal habeas petition.  The Court fails to see how this shows a "satisfaction of the judgment" under Rule 60(b)(5) and denies the motion on that ground.

Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60.  Samish Indian Tribe v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005).  "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  Id. (internal quotations omitted).  Thus, to reopen a

case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding in a proper fashion." Id. (internal quotations omitted); see, e.g., id. at 1160-61 (finding plaintiff entitled to relief under Rule 60(b)(6) because tribal non-recognition was an extraordinary circumstance beyond their control which prevented them from proceeding in proper fashion).

This Court must decide whether the California Supreme Court's decision in In re Lawrence is such an extraordinary circumstance which prevented Petitioner "from taking timely action to prevent or correct an erroneous judgment." Samish Indian Tribe, 394 F.3d at 1157. This simply is not the case. Lawrence was decided *after* the Court entered judgment on the merits in the instant action and therefore had no impact on Petitioner's ability to proceed in a "proper fashion" in the instant habeas action. Id. at 1160-61.

Furthermore, the Ninth Circuit recently held rehearing en banc in Hayward v. Marshall, 512 F.3d 536 (9th Cir.), reh'g en banc granted, 527 F.3d 797 (9th Cir. 2008), which presented a state prisoner's due process habeas challenge to the denial of parole. The three-judge Hayward panel had concluded that the gravity of the commitment offense had no predictive value regarding the petitioner's suitability for parole, and held that the governor's reversal of parole was not supported by some evidence and resulted in a due process violation. 512 F.3d at 546-47. The Ninth Circuit held rehearing en banc in Hayward on June 24, 2008, and has ordered further briefing on the application of the California Supreme Court's decisions in In re Lawrence and In re Shaputis, No. S155872, slip op. (Cal. Aug. 21, 2008). See Hayward v. Marshall, No. 06-55392, slip op. at 1 (9th Cir. Sept. 8, 2008). In Lawrence, the state supreme court decided the issue of state court review of parole decisions as a matter of state law. See Lawrence, slip op. at 47 ("the relevant inquiry for a reviewing court is not merely whether an inmate's crime was especially callous, or shockingly vicious or lethal, but whether the identified facts are probative to the central issue of current dangerousness when considered in light of the full record before the Board or the Governor"). However, that decision is not binding on this court, and the Ninth Circuit has not yet issued an en banc decision in Hayward.

1     Accordingly, the Court finds that Petitioner's argument does not justify relief
2 under Rule 60(b)(6).  Petitioner's motion for reconsideration (Docket No. 20) is
3 DENIED.
4     Petitioner's motion for leave to proceed in forma pauperis on appeal (Docket No.
5 18) is GRANTED.  The request for appointment of counsel on appeal (Docket No. 17) is
6 DENIED without prejudice to bringing it directly in the Ninth Circuit.
7     The clerk shall forward to the court of appeals the case file with this order.  See
8 Fed. R. App. P. 22(b).
9     IT IS SO ORDERED.
10 DATED: __11/5/08_____

    JEREMY FOGEL
    United States District Judge